UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2107 (RWR) |
| WILLIAM J. HARRISON | ) |
| Defendant. | ) |

**MOTION TO VACATE ORDER AND RE-OPEN PROCEEDINGS**

Plaintiff respectfully moves that this Court vacate its Order entered April 20, 2007 dismissing this case and re-open this matter for further proceedings under Fed. R. Civ. P. 60(b)(1) or Fed. R. Civ. P. 6(b)(2) because of plaintiff's mistake, inadvertence, or excusable neglect. The factual and legal bases for this Motion are described in full in the attached Memorandum and supporting Declarations. A proposed order is attached for the Court's consideration and convenience.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


*/s/ Paul A. Dean*
ARTHUR R. GOLDBERG
DC Bar No. 180661

PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 6132
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov


Attorneys for the United States

Dated: April 27, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM J. HARRISON )<br>)<br>Defendant. ) | Civil Action No. 06-2107 (RWR) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE ORDER
AND RE-OPEN PROCEEDINGS**

The Court dismissed the above-titled action on April 20, 2007, for failure to prosecute (Doc. No. 4). In doing so, the Court cited Plaintiff's failure to respond to the Court's April 2, 2007 Order (Doc. No. 3). That Order required Plaintiff to show cause on or before April 13, 2007 why this case should not be dismissed for failure to prosecute. As the attached declarations and ECF records demonstrate, Plaintiff's primary attorney was preparing a motion for default in this matter, but did not receive notice of either the April 2, 2007, or April 20, 2007 Orders until Tuesday, April 24, 2007. Plaintiff has taken action to ensure that the undersigned attorney will receive all future ECF filings in this matter. Consequently, Plaintiff respectfully requests that this Court vacate the April 20 Order and re-open this matter for further proceedings under Fed. R. Civ. P. 60(b)(1) or Fed. R. Civ. P. 6(b)(2) because of Plaintiff's inadvertence or excusable neglect. If the Court grants this motion, Plaintiff is prepared to file its Motion for Default immediately, as Defendant has not answered Plaintiff's complaint and has failed to plead or otherwise defend himself in this litigation.

**ARGUMENT**

Plaintiff's undersigned attorney signed and filed the complaint in this matter on December 12, 2006. On January 11, 2007, the undersigned filed proof that Defendant received service on December 22, 2006. In March 2007, since Defendant had not answered Plaintiff's complaint and had failed to plead or otherwise defend himself in this matter, the undersigned began to draft a motion for default.

On April 24, 2007, the undersigned was notified by his supervisor, Arthur R. Goldberg, that this matter had been dismissed, on April 20, 2007, for failure to prosecute. The April 20 Order was premised upon Plaintiff's non-compliance with a show cause order from the Court, issued April 2, 2007, as to why the case should not be dismissed for failure to prosecute (Doc. No. 4). While discussing the April 20 Order with Mr. Goldberg, the undersigned informed him that he had not received ECF notification of either the April 2 or April 20, 2007 Orders. (See Ex. 1, Declaration of Paul A. Dean ¶ 7 and Declaration of Arthur R. Goldberg ¶ 3.) Hence, the attorney with primary litigation responsibility for this matter, who is also the attorney who signed and filed the complaint and filed the proof of service, was not listed on the ECF distribution list. See Attachment 1 to the Dean Declaration. The undersigned did periodically check the docket of this case, but did not do so between April 2 and April 20, 2007. Dean Declaration at ¶ 4, 5. As a consequence, Plaintiff's primary counsel was unaware of the pending show cause order. Id. ¶ 5.

Mr. Goldberg did receive service of the ECF Notice of the April 2, 2007, but he does not recall reading the Notice or the attached Order and did not discuss that Order with the undersigned. Goldberg Declaration at ¶ 5. It is not Mr. Goldberg's common practice to receive such notices and even when he does receive such notices, the attorney personally handling the

2

matter has always been on the ECF notification system. Goldberg Declaration at ¶ 6. Unfortunately, that was not the case here. Thus, as a result of mistake, inadvertence, or excusable neglect of its attorneys, Plaintiff was not aware of the Court's April 2 Order. Plaintiff, therefore, respectfully requests that this Court vacate the April 20 Order and re-open this matter for further proceedings under Fed. R. Civ. P. 60(b)(1) or Fed. R. Civ. P. 6(b)(2).

Fed. R. Civ. P. 60(b)(1) allows the Court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." In this instance, Plaintiff's attorneys freely admit that through either mistake or inadvertence, they failed to recognize that the April 2 Order had been issued by the Court and, thus, failed to respond in a timely fashion to that Order. As a result, Plaintiff is eligible for relief from the April 20 Order under Fed. R. Civ. P. 60(b)(1). Plaintiff's attorneys' actions in this instance may also be categorized as "excusable neglect." This Circuit has adopted the test for excusable neglect set forth by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395-97 (1993), for Fed. R. Civ. P. 60(b)(1) relief. See FG Hemisphere Associates, LLC v. Democratic Republic of Congo, 447 F.3d 835, 838 (D.C. Cir. 2006). See also In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir. 2003). The relevant factors set forth by the Court are "the risk of prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith." FG Hemispheres, 447 F3d at 838, citing Pioneer 507 U.S. at 395-97. See also In re Vitamins, 327 F.3d at 1209.

Here, there is no risk of prejudice to Defendant, the length of the delay is minimal, the reason for the delay is that Plaintiff's primary attorney did not receive notice and, Plaintiff has acted promptly and in good faith. There is no risk of prejudice to Defendant since he has not

3

answered the complaint and has failed to plead or otherwise defend himself in this litigation. Plaintiff repeatedly attempted to contact Defendant prior to this litigation, served Defendant with process on December 22, 2006, and filed notice of its service with the Court on January 11, 2007. Since Defendant has refused to answer the complaint or otherwise respond, he will not be prejudiced by vacating the Court's Order of April 20, 2007 and re-opening this matter to allow Plaintiff to move for default.

The length of the delay is minimal. The Court issued its dismissal for failure to prosecute one week ago on April 20, 2007. Plaintiff is asking this Court to vacate that Order only one week later and well within the timeframes provided for such a motion under either Fed. R. Civ. P. 60(b)(1) or Fed. R. Civ. P. 6(b)(2). Consequently, this delay will have limited impact on the proceedings. Moreover, if the Court should grant this motion, Plaintiff is prepared to immediately file for default, thus ensuring that the impact of the delay on this matter is limited.

Plaintiff has explained the reason for the delay above. Memorandum at 2. Plaintiff acknowledges its responsibility for the delay. Even if Plaintiff's oversight amounts to negligence, the relief it seeks should be granted, as the Pioneer Court noted "at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 394.

Finally, Plaintiff has acted in good faith. Plaintiff did not ignore or intend to avoid the Court's Orders. Nor did Plaintiff intend to delay these proceedings. See Exh. 1, Declarations of Mr. Dean and Mr. Goldberg. Thus, Plaintiff has satisfied the requirements of excusable neglect and Fed. R. Civ. P. 60(b)(1) and the April 20 Order should be vacated and the proceedings re-opened. See In re Vitamins, 327 F.3d at 1209.

This same standard for "excusable neglect" applies to Fed. R. Civ. P. 6(b)(2) which allows the Court "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." See Smith v. District of Columbia, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005). See also In re Vitamins, 327 F.3d at 1209. Plaintiff has already demonstrated that it meets the standard for "excusable neglect." Plaintiff has complied with the remaining requirements of Fed. R. Civ. P. 6(b)(2), acknowledging that its opportunity to respond to the show cause order has expired, Memorandum at 1, and filing the instant Motion. Plaintiff, therefore, is also eligible for relief from the Court's April 20 Order under Fed. R. Civ. P. 6(b)(2).

## CONCLUSION

For all these reasons, the Court's April 20 Order should be vacated and the proceedings in this matter should be re-opened.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

*/s/ Paul A. D*
ARTHUR R. GOLDBERG
DC Bar No. 180661

PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 6132
Washington, DC 20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Attorneys for the United States

Dated: April 27, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of April, 2007, I sent notification of the foregoing Motion to Vacate Order and Re-Open Proceedings to William J. Harrison at 28 North Calvin Road, Weston, CT 06883, via U.S. Mail.

                                                                               *Paul A. D_____*
                                                                               Paul A. Dean

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM J. HARRISON )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2107 (RWR) |

### DECLARATION OF ARTHUR R. GOLDBERG

I, Arthur R. Goldberg, declare as follows:

1. I am a member in good standing of the Bar of the District of Columbia. I am an Assistant Director in the Federal Programs Branch of the Civil Division at the Department of Justice. All of the facts set forth in this Declaration are based on my personal knowledge. I supervise approximately 30 attorneys who are handling about 60-70 active litigation matters in various United States District Courts. As part of my duties I have supervisory responsibility over Paul Dean, the Trial Attorney handling this civil action.

2. On Monday morning, April 23, 2007, I found in my email In Box an ECF Notice from this Court which had been sent on Friday, April 20, 2007 at 6:43pm. This Notice included the Order from this Court dated April 20, 2007, dismissing this action for failure to prosecute. I had been out of town on personal business on April 20, 2007; therefore I did not see this Notice until the morning of April 23.

3. I immediately attempted to contact Mr. Dean about this matter, but learned that he was on leave and would not return to the office until Tuesday, April 24. When he returned to the

office on Tuesday, and Mr. Dean and I spoke about the order of dismissal, he informed me that he had not received the April 20 Notice and Order and, in fact, had never received the earlier ECF Notice and accompanying order to show cause dated April 2, 2007, requiring action by April 13, 2007, because he had not been placed on the Court's electronic notification system.

4. Immediately after that conversation, I scrolled back through my email In Box and discovered that the April 2 ECF Notice had been sent to me, arriving on April 3, 2007, at 10:53am.

5. I have no recollection of reading the April 2 ECF Notice or the attached Order to Show Cause, and I am certain that I did not mention it to Mr. Dean at that time, since we obviously would have taken appropriate action if we had spoken about this Notice.

6. I do not usually receive ECF Notices from this Court in matters being personally handled by trial attorneys in this office whom I am supervising, although I do receive such Notices in a handful of selected cases. Even in those cases in which I do receive ECF Notices, my practice is to rely on the trial attorneys to keep themselves, and me, informed of all orders, dates, and deadlines in their cases. In every other case in which I do receive ECF Notices from the Court, the trial attorney who is personally handling the case is also on the ECF notification system.

I declare under the penalty of perjury that the foregoing statements are true and correct.

DATED: _April 27_, 2007.

_____
ARTHUR R. GOLDBERG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM J. HARRISON )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2107 (RWR) |

**DECLARATION OF PAUL A. DEAN**

I, Paul A. Dean, declare as follows:

1. I am a member in good standing of the Bar of the State of New York. I am a Trial Attorney in the Federal Programs Branch of the Civil Division at United States Department of Justice. All of the facts set forth in this declaration are based upon my personal knowledge. I was at during all times pertinent to this declaration the attorney assigned day-to-day responsibility, on behalf of plaintiff, for all matters in the above-captioned case.

2. I signed and filed the complaint in this matter on December 12, 2006. The civil cover sheet lists only myself as the plaintiff's attorney. The address listed for the plaintiff in the above caption is my address.

3. On January 11, 2007, I filed proof that defendant received service in this matter on December 22, 2006.

4. I have subsequently checked the status of this case, but I was not aware that I was not on the ECF contact list for this case.

5. Since I was not on the ECF list (see Attachment 1), and I did not check the status of

the case between April 2 and April 20, 2007. I did not receive notice of either this Court's April 2 or April 20, 2007 Orders.

6. I was unaware of any further action in this case before I received an email from my Supervisor, Arthur R. Goldberg, on April 24, 2007. (The email was sent to me on April 23, but I was out of the office until April 24, 2007.)

7. I met with Mr. Goldberg immediately upon receipt of that email. In our subsequent discussion, I informed Mr. Goldberg that I had not received ECF notification of either the April 2, 2007, or the April 20, 2007 Orders.

8. Following my conversation with Mr. Goldberg, I called Chambers to inform them that I had not received ECF notification of either the April 2, 2007, or the April 20, 2007 Order and to inform the Court that we would file a Motion to Vacate in the near future. The person I spoke with initially believed that either I must not have been on the complaint or not have signed it. However, after reviewing the complaint that person acknowledged that I was on the complaint and that I had signed it.

9. In March 2007, since defendant had not answered and had failed to plead or otherwise defend himself in this litigation, I began to draft a motion for default. I had planned to file the motion in March and had begun to draft that motion, but because of various other work-related responsibilities I had not completed the motion when I became aware of the Court's April 20, 2007 Order on April 24, 2007.

10. Had I been aware of the Court's April 2 Show Cause Order, I would have made every effort to file the motion for default by the Court's April 13 deadline, or I would have sought a brief extension of time because of my other work-related responsibilities.

I declare under the penalty of perjury that the foregoing statements are true and correct.

DATED: __4/27__, 2007.                      _____/s/ Paul A. D_____
                                                            PAUL A. DEAN

# ATTACHMENT 1

**From:** DCD_ECFNotice@dcd.uscourts.gov [mailto:DCD_ECFNotice@dcd.uscourts.gov]
**Sent:** Tuesday, April 03, 2007 10:53 AM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-02107-RWR UNITED STATES OF AMERICA v. HARRISON Order

1. This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 4/3/2007 at 10:52 AM and filed on 4/3/2007

**Case Name:**         UNITED STATES OF AMERICA v. HARRISON

**Case Number:**       1:06-cv-2107

**Filer:**

**Document Number:**   3

**Docket Text:**
SHOW CAUSE ORDER: It is hereby ORDERED that Plaintiff Show Cause in writing on or before April 13, 2007 why this case should not be dismissed for failure to prosecute. Signed by Judge Richard W. Roberts on 4/2/07. (lcrwr3)

**1:06-cv-2107 Notice has been electronically mailed to:**
Arthur R. Goldberg arthur.goldberg@usdoj.gov

**1:06-cv-2107 Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\Civil Cases\Civil Case Memos\2006\06-2107_order to show cause_failure to answer complaint.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=4/3/2007] [FileNumber=1393088-0]
[542beb91804c69f68e2b8bf8337988e234952c5564213eea3a6268b9331ba46036c29

**From:** DCD_ECFNotice@dcd.uscourts.gov [mailto:DCD_ECFNotice@dcd.uscourts.gov]
**Sent:** Friday, April 20, 2007 6:43 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-02107-RWR UNITED STATES OF AMERICA v. HARRISON Order

1. This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 4/20/2007 at 6:43 PM and filed on 4/20/2007

**Case Name:**  UNITED STATES OF AMERICA v. HARRISON

**Case Number:**  1:06-cv-2107

**Filer:**

**Document Number:**  4

**Docket Text:**
ORDER DISMISSING CASE. Signed by Judge Richard W. Roberts on 4/20/07. (lcrwr3)

**1:06-cv-2107 Notice has been electronically mailed to:**
Arthur R. Goldberg  arthur.goldberg@usdoj.gov

**1:06-cv-2107 Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\Civil Cases\Civil Case Memos\2006\06-2107_ORDER_DIMISS.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=4/20/2007] [FileNumber=1410562-0]
[4c9afc0a746888f627b942b0ce99ff9b0341fe5084f67dbfd899a9cc085c53e14e5d
bddd174d2a984f54da5dfc1577d824a33272aab7aa43c4c5d93a26a3c0ad]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2107 (RWR) |
| ) | |
| WILLIAM J. HARRISON ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Vacate Order and Re-open Proceedings, it is,

ORDERED, that this Court's April 20, 2007 Order is vacated and the proceedings in this case are re-opened;

ORDERED, that Plaintiff shall file its Motion for Default within five days from the date of this Order.

ENTERED this _____ day of _____, 2007.

_____
RICHARD W. ROBERTS
United States District Judge