# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. HARRISON ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-2107 (RWR) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, United States, respectfully moves this Court to enter the default judgment against Michael J. Harrison, Defendant, as provided by Rule 55(b)(2) of the Federal Rules of Civil Procedure.  The grounds in support of this motion are more fully set forth in the accompanying memorandum.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
DC Bar No. 180661

*/s/ Paul A. Dean*
PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 7134
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Attorneys for the United States

Dated: October 3, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 06-2107 (RWR) |
| | ) |
| MICHAEL J. HARRISON | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

### INTRODUCTION

Defendant  was served with a copy of the Complaint and Summons on December 22, 2006 and defendant's response was due no later than January 11, 2007; yet he has never entered an appearance.  The clerk of this Court was asked to enter defendant's default on October 3, 2007.  Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2), the Court should enter judgment for plaintiff after default has been entered.

### FACTUAL BACKGROUND

On October 29, 2005, Michael J. Harrison, defendant, terminated his employment as Assistant Secretary of Agriculture for Administration at the United States Department of Agriculture ("USDA").  Defendant did not file a termination financial disclosure report ("SF 278") within 30 days after termination of his employment with USDA, nor did Mr. Harrison accept another covered position.  Consequently, on December 22, 2005, Raymond J. Sheehan, Director of the Office of Ethics at USDA, sent Defendant a certified letter with a request for return receipt informing Defendant of his failure to timely file an SF 278 and advising him of the consequences of failing to file the report.  The letter was accepted and the return receipt was returned to the USDA signed by Michael J. Harrison on December 29, 2005.  Ex. 1.  On January 27, 2006, Raymond J. Sheehan sent Defendant a second letter informing him of his failure to file the SF 278 within the prescribed deadline and warning him of consequences for failing to file the

report.  This letter was also accepted, and the return receipt was returned to the USDA signed by Mr. Harrison on February 2, 2006.  Ex. 2.  On or before February 15, 2006, the former Assistant Secretary of Agriculture for Civil Rights, Mr. Vernon Parker, telephoned Mr. Harrison and reminded him of the importance of complying with this filing requirement.  Finally, on March 9, 2006, Raymond J. Sheehan sent Defendant a third certified letter informing him that because of his failure to timely file his financial disclosure report, SF 278, he now owed a $200.00 late filing fee.  The letter also noted that failure to file the report and pay the late fee would lead USDA to refer the case to the Department of Justice and to seek to collect the $200.00 late filing fee through agency debt collection procedures.  This letter remained unclaimed despite three postal notifications on March 18, March 22, and April 1, 2006.  Ex. 3.

On November 1, 2006, the United States Department of Justice sent Mr. Harrison a certified letter notifying him that it was considering legal action against him because of his failure to file form SF 278 and seeking to resolve the matter.  Ex. 4.  Mr. Harrison did not respond.  On November 28, 2006, the United States Department of Justice sent Mr. Harrison a copy of the November 1, 2006 letter by U.S. Mail and again asked Mr. Harrison to contact the undersigned.  Id.  Mr. Harrison did not respond.

On December 12, 2006, the United States filed the Complaint in this action for civil penalties under the Act.  Doc. 1.  On December 22, 2006, Defendant was served with the Summons and a copy of the Complaint.  Doc. 2.  Pursuant to Federal Rule of Civil Procedure 12(a)(2) and the Summons issued by the Court, Defendant's response was due 20 days after he was served with the Summons and the copy of the Complaint.  Thus, Defendant's response to the Complaint was due no later than January 11, 2007.

On April 20, 2007, the Court entered an Order dismissing this case for failure to prosecute.  On April 27, 2007, the United States moved to vacate the Court's April 20, 2007 Order.  On September 18, 2007, the Court observed that, "[d]efendant has filed no opposition to this motion," and granted the United States' motion as conceded.  September 18, 2007 Order.

That Order also required plaintiff to seek default and file a motion for default judgment within 15 days of the Order.  Id.  On September 19, 2007, plaintiff filed a Motion for Entry of Default for Defendant's Failure to Respond to the Complaint.  On October 2, 2007 at approximately 4 p.m., the clerk of the Court notified plaintiff that its filing was in error and that it needed to resubmit its pleading as an affidavit using the forms on the Court's website.

In the course of preparing these forms for submission, plaintiff's counsel realized that the case caption was incorrect.  Defendant's name is Michael J. Harrison; the Complaint, however, names the defendant as William J. Harrison in the case caption, (and again refers to him as William J. Harrison on page 4 of the Complaint.)  Defendant was correctly named as Michael J. Harrison on the first page of the Complaint, however and the summons as completed and signed by the process server was served on Michael J. Harrison.  Doc. 2.  Moreover, undersigned counsel has repeatedly spoken and corresponded with Mr. (Michael) Harrison about this case.  Ex. 5.  Defendant filed an amended complaint on October 3, 2007, to correct the caption and make clear that Michael J. Harrison is the proper defendant.  Defendant also filed the affidavits requested by the Court on October 3, 2007.

## ARGUMENT

Under Fed. R. Civ. P. 55(a), a plaintiff may move for entry of a defendant's default if the defendant against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  Once a defendant's default is entered, the Court may enter judgment in default.  United States v. Gant, 268 F. Supp. 2d 29 (D.D.C. 2003).

The Ethics in Government Act requires individuals who have occupied covered positions to file a financial disclosure report no later than thirty days after leaving the position unless they have accepted another covered position.  See 5 U.S.C. app. § 101(e); 5 C.F.R. § 2634.201(e)(1). Defendant is subject to the Act's public financial disclosure reporting requirements because he occupied an executive branch position that was classified above GS-15 of the General Schedule,

3

and because the Office of Government Ethics has not, by regulation, excluded him from the reporting requirements.  <u>See</u> 5 U.S.C. app. § 101(f)(3); 5 C.F.R. § 2634.202(c); 5 C.F.R. § 2634.203.   Defendant did not accept a covered position after he terminated his employment with the USDA, thus Defendant had an obligation to file a financial disclosure report within 30 days after his departure.  Defendant has failed to meet that obligation because he has not filed a report in the almost one year and a half period of time that has elapsed since his termination.

  After Defendant terminated his employment, the USDA sent Defendant letters reminding him of his obligation and advising him of the consequences of failing to comply.  Former Assistant Secretary Vernon Parker telephoned Defendant to remind him of the importance of complying with this obligation.  Additionally, the United States Department of Justice twice sent Defendant letters to attempt to resolve this matter before filing the instant case.  Finally, in July of this year, defendant twice telephoned plaintiff's counsel to discuss the potential resolution of this matter.  <u>See</u> Ex. 5.  Accordingly, at this juncture, Defendant's failure to file the requisite report appears to be knowing and willful, manifesting either an intentional disregard of the Ethics in Government Act or an indifference to its requirements.

Defendant has likewise manifested an intentional disregard to the requirements of the Federal Rules of Civil Procedure and to this Court.  As stated earlier, Defendant was served with Summons and a copy of the above-captioned Complaint on December 22, 2006.  His response to the Complaint was due no later than January 11, 2007.  That date has long come and gone, and still Defendant has neither responded to the Complaint, sought an extension of time to respond, or explained to the Court why he has failed to appear.  Nor has defendant responded to either plaintiff's motion to vacate the Court's earlier opinion or to plaintiff's motion for entry of default.  Accordingly, the Court should enter judgment for plaintiff.

Although the initial Complaint in this case mistakenly named the defendant as William J. rather than as Michael J. Harrison, this is a situation where plaintiff filed against and served the correct defendant by the wrong name, a lapse that has been referred to as a "traditional

misnomer." See Roberts v. Michaels, 219 F.3d 775, 777-78 (8th Cir. 2000). Mr. Harrison's

correct full name is Michael J. Harrison. Defendant corrected this oversight in its Amended

Complaint filed October 3, 2007. While the Mr. Harrison was incorrectly named in the caption

of the complaint and in the relief requested, he was correctly named as the defendant in ¶ 5 of the

complaint. Moreover, Mr. Harrison accepted service of the summons and complaint on

December 22, 2006 at the address listed on the complaint, Doc. 2, and was contacted repeatedly,

as set forth above, regarding his failure to complete his SF 278, and following service of the

Complaint, regarding the possibility of settling the case. The identity of Mr. Harrison is also

clear in the complaint itself. Many courts have allowed parties to amend their pleadings under

the "misnomer principle." Roberts at 778. See Parker v. District of Columbia, 216 F.R.D. 128,

129-30 (D.D.C. 2002); Winterberg v. CNA Ins. Co., 868 F.Supp. 713,716-17 (E.D. Pa. 1994),

*aff'd on other grounds*, 72 F.3d 318 (3d Cir. 1995); Wheel Masters Inc. v. Jiffy Metal Prod. Co.,

955 F.2d 1126, 1131 (7th Cir. 1992). Indeed, Fed. R. Civ. P. 60(a) allows a Court to correct

"[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising

from oversight or omission may be corrected by the court at any time of its own initiative or on

motion of any party. . . ." Notably, misnomers regarding the parties may be corrected even after

default judgment has been entered. See PacifiCorp Capital, Inc. v. Hansen Properties, 161

F.R.D. 285, 287 (S.D.N.Y. 1995). Accordingly, the misnomer in the original complaint having

now been corrected, a judgment of default should be entered against the defendant.[1]

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter

judgment for plaintiff in the amount of $11,000, pursuant to Rule 55(b)(2) of the Federal Rules

of Civil Procedure.

---

[1] In the alternative, plaintiff requests that the Court hold this Motion in abeyance until
defendant's time to answer the amended Complaint has expired, at which time, if defendant has
still failed to plead or otherwise defend, plaintiff requests that a default judgment be entered.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
DC Bar No. 180661

/s/ Paul A. Dean
PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 6132
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Attorneys for the United States

Dated: October 3, 2007

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2007, I sent notification of the foregoing Motion for Entry of Default Judgment, and the accompanying memorandum, to Michael J. Harrison at 28 North Calvin Road, Weston, CT 06883 and at Post Office Box 1116, Weston, CT 06883, via U.S. Mail.

/s/  *Paul A. Dean*

Paul A. Dean
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW, Room 7134
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Attorney for the United States

# EXHIBIT 1
06cv2107(RWR)

**USDA**

**UNITED STATES
DEPARTMENT OF
AGRICULTURE**

Office of the
Assistant Secretary
for Administration

Office of Ethics

1400 Independence
Avenue SW

Washington, DC
20250-0122

December 22, 2005

CERTIFIED, RETURN RECEIPT REQUESTED

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

When you commenced employment with the Department of Agriculture, you filed a Form SF-278, "Financial Disclosure Report," in compliance with the Ethics Reform Act of 1989. The Act also requires that you file a termination SF-278 within 30 days after leaving your position-- in your case covering your entire period of employment with USDA. Because your final date of service was October 31, 2005, you should have filed this report with our office on or before November 30, 2005.

However, under 5 CFR 2634.201(e), you need not file a final report if, within 30 days of leaving your position, you assumed other Federal employment that is covered by the Act, and requires the filing of Form SF-278. You may confirm your new position in a letter to this office stating: where you are working; the position is covered by the Ethics in Government Act executive personnel financial disclosure requirements (that is, you must file an SF-278 in your new position); and the date of appointment to your new position. Otherwise, a final report is required.

We are enclosing Form AD-815, which provides a summary of post employment restrictions on Federal employees. If you have questions about post-Government responsibilities, please do not hesitate to contact me at (202) 720-2251 or by email at raymond.sheehan@usda.gov. We have also enclosed, for your convenience, a copy of your most recent SF 278 for reference.

You may access copies of Form SF-278, in downloadable format, at our website, www.usda.gov/ethics under the "Forms" section. For your convenience, we also have enclosed a blank SF-278 Form and a self-addressed return envelope.

It is important that you file this report with this office at your earliest opportunity. Failure to file a financial disclosure report may lead to referral of the matter to the Department of Justice under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT. 06883

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
☒
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT. 06883

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
☒   10/3/05
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
   If YES, enter delivery address below:
☐ Yes
☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**CERTIFIED MAIL**

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

# EXHIBIT 2
06cv2107(RWR)



**UNITED STATES DEPARTMENT OF AGRICULTURE**

Office of the
Assistant Secretary
for Administration

Office of Ethics

1400 Independence
Avenue SW

Washington, DC
20250-0122

January 27, 2006

CERTIFIED, RETURN RECEIPT REQUESTED

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

On December 22, 2005 we sent you a reminder that your termination financial disclosure report was overdue (copy enclosed). You received this notice on December 29. I write again to remind you that the Ethics Reform Act of 1989 requires that you file a termination SF-278 within 30 days after leaving your position. Because your final date of service was October 31, 2005, you should have filed this report with our office on or before November 30, 2005.

You may access copies of Form SF-278, in downloadable format, at our website, www.usda.gov/ethics under the "Forms" section. For your convenience, we have enclosed a blank SF-278 Form and a self-addressed return envelope.

Please take this matter seriously: it is important that you file this report with this office at your earliest opportunity. Failure to file a financial disclosure report may lead to referral of the matter to the Department of Justice under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

U.S. P___ ___d)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

2. Article Number *(Copy from service label)*

PS Form 3811, July 1999     Domestic Return Re___

7003 1010 0001 7366 5815

102595-00-M-0952

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)* | B. Date of Delivery

C. Signature
X | ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

---

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

**COMPLETE THIS SECTION**

A. Rec__ *(Please Print Clearly)*

C. Signature
X

D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
☐ Certified Mail
☐ Registered
☐ Insured Mail
☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number *(Copy from service label)*
7003 1010 0001 7366 5815

Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Page 1

# EXHIBIT 3
06cv2107(RWR)



**UNITED STATES
DEPARTMENT OF
AGRICULTURE**

Office of the
Assistant Secretary
for Administration

March 9, 2006

Office of Ethics

CERTIFIED, RETURN RECEIPT REQUESTED

1400 Independence
Avenue SW

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Washington, DC
20250-0122

Dear Mr. Harrison:

On December 22, 2005, we sent you a reminder that your termination financial disclosure report was overdue (copy enclosed). You received this notice on December 29 2005. On January 27, 2006, we sent a second request that you file this report (copy enclosed). You received this notice on February 1, 2006. To be certain that you understood this requirement, our former Assistant Secretary for Civil Rights, Mr. Vernon Parker called you personally to stress the important of complying with this filing requirement. I write a third time to again remind you that the Ethics Reform Act of 1989 requires that you file a termination SF-278 within 30 days after leaving your position.

Because your final date of service was October 31, 2005, you should have filed this report with our office on or before November 30, 2005. Your report is overdue. Please file this report with our office immediately, along with a check for $200, made payable to the United States Treasury, to cover your late filling payment. If not paid, this fee is subject to agency debt collection procedures. You may submit a written request to this office that the fee be waived due to extraordinary circumstances.

You may access copies of Form SF-278, in downloadable format, at our website, www.usda.gov/ethics under the "Forms" section. For your convenience, we have enclosed a blank SF-278 Form and a self-addressed return envelope.

I urge you to take this matter seriously: it is important that you file this report with this office at your earliest opportunity. Failure to file your financial disclosure report along with the $200 late filing by close of business April 9, 2006 will lead to referral of the matter to the Assistant Attorney General, Civil Division, of the Department of Justice for possible civil action under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

Harrison
3/17
3/23
4/1

Harrison on a (Certified)

Harrison



RETURN TO SENDER UNCLAIMED

Mr. Michael Harrison
~ North Calves Road
We~ort, CT 0688~

LN
3/17

~9-a.J.L. whitten Bldg.
~ton,D.C. 20250 ~

# EXHIBIT 4
06cv2107(RWR)

**U.S. Department of Justice**

Civil Division

---

ARG:PDean
145-8-3384

**NOV  1 2006**

*Washington, D.C. 20530*

Telephone:
(202) 514-1280

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Michael J. Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

As the result of a referral from the Office of Ethics at the United States Department of Agriculture ("USDA"), the Assistant Attorney General for the Civil Division has authorized the filing of a civil action against you in United States District Court for violations of the Ethics in Government Act of 1978, as amended, 5 U.S.C. app. §§ 104, et seq., based on your failure to comply with the public financial report filing requirements under the Act. This action will seek to recover civil penalties as provided by the Act.

This action is based upon your knowing and willful failure to provide a termination report when you ended your employment with USDA, as required by the Act.

We intend to file the action on or about November 29, 2006. As is our practice in civil actions of this kind, however, we are willing to give you the opportunity to resolve this matter without litigation by agreeing to civil penalties and such other relief as may be appropriate.

Should you wish to discuss this matter, you or your legal representative should contact Paul Dean, (202) 514-1280, the Civil Division attorney assigned to this case. In any event, if you desire to resolve this matter without litigation, we must hear from you no later than November 17, 2006.

Very truly yours,

Joseph H. Hunt
Director
Federal Programs Branch
Civil Division



CERTIFIED MAIL™

7006 0100 0003 9502 2665

US POSTAGE
Hasler
$04.640
11/01/2006
United States

US OFFICIAL MAIL
($300 Penalty
For Private Use

PAUL DEAN
20 MASS. AVE.
ROOM 6132
CIV (FOIA MATTERS)

CIV MAIL ROOM - 20 MASS.

DEC 15 2006

RECEIVED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. (Transfer from service label)
7006 0100 0003 9502 2665

PS Form 3811, February 2001    Domestic Return Receipt    102595-02-M-1540

UNCLAIMED

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| **Via First Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 883, Rm. 6132 | 20 Mass. Ave., N.W. |
| Washington, D.C. 20044 | Washington D.C. 20001 |

Paul A. Dean                                    Tel: 202/514-1280
Trial Attorney                                   Fax:202/616-8470
                                                         Email: Paul.dean@usdoj.gov

                                                                        November 28, 2006

<u>Via U.S. Mail</u>

Michael J. Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

     Enclosed please find a copy of the letter that I sent to you by certified mail on November 1, 2006.  As you have not responded, I am sending the letter to you directly by U.S. Mail.  Please review the enclosed letter and respond to me by Monday, December 4, 2006 if you wish to attempt to resolve this matter without litigation.  If I do not hear from you, we intend to file the action described in the attached letter on or about December 8, 2006.

     Should you or your attorney wish to discuss this matter, please contact me at (202) 514-1280.

                                    Kind regards,


                                    Paul A. Dean
                                    Trial Attorney


Enclosure

**EXHIBIT 5**
06cv2107(RWR)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2107 (RWR) |
| | ) | |
| MICHAEL J. HARRISON | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND DECLARATION OF PAUL A. DEAN**

I, Paul A. Dean, declare as follows:

1.   I am a member in good standing of the Bar of the State of New York.  I am a Trial Attorney in the Federal Programs Branch of the Civil Division at United States Department of Justice.  All of the facts set forth in this declaration are based upon my personal knowledge.

2.   Mr. Michael Harrison contacted me by telephone on Friday, July 6, 2007 to discuss this case.  In that conversation, Mr. Harrison stated that he was not represented by counsel and we discussed resolving this case.

3.   On July 12, 2007, I sent Mr. Harrison a letter to follow-up on our conversation.

4.   Mr. Michael Harrison again contacted me by telephone to discuss resolving this case during the week of July 23, 2007.

5.   On July 31, 2007, I sent Mr. Harrison another letter to follow-up on our conversation during the previous week.  This letter also contained a blank copy of the termination financial disclosure report ("SF-278") that plaintiff wished to have Mr. Harrison complete.

I declare under the penalty of perjury that the foregoing statements are true and correct.

DATED: __10 / 3__ , 2007.

PAUL A. DEAN