# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL J. HARRISON )<br><br>Defendant. ) | Civil Action No. 06-2107 (RWR) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, United States, respectfully moves this Court to enter the default judgment

against Michael J. Harrison, Defendant, as provided by Rule 55(b)(2) of the Federal Rules of

Civil Procedure. The grounds in support of this motion are more fully set forth in the

accompanying memorandum.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
DC Bar No. 180661

*/s/ Paul A. Dean*
PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 7134
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Attorneys for the United States

Dated: March 6, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. HARRISON )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2107 (RWR) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

### INTRODUCTION

Defendant was served with a copy of the Amended Complaint and Summons on January 30 and 31, 2008 and his response was due no later than February 20, 2008; yet he has never entered an appearance. The clerk of this Court entered defendant's default on March 5, 2008. Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2), the Court should enter judgment for plaintiff for $11,000 - the full amount of the statutorily authorized penalty.

### FACTUAL BACKGROUND

On October 29, 2005, Michael J. Harrison, defendant, terminated his employment as Assistant Secretary of Agriculture for Administration at the United States Department of Agriculture ("USDA"). Defendant did not file a termination financial disclosure report ("SF 278") within 30 days after termination of his employment with USDA, nor did Mr. Harrison accept another covered position. Consequently, on December 22, 2005, Raymond J. Sheehan, Director of the Office of Ethics at USDA, sent defendant a certified letter with a request for return receipt informing defendant of his failure to timely file an SF 278 and advising him of the consequences of failing to file the report. The letter was accepted and the return receipt was returned to the USDA signed by Michael J. Harrison on December 29, 2005. Ex. 1. On January 27, 2006, Raymond J. Sheehan sent defendant a second letter informing him of his failure to file the SF 278 within the prescribed deadline and warning him of consequences for failing to file the

report.  This letter was also accepted, and the return receipt was returned to the USDA signed by Mr. Harrison on February 2, 2006.  Ex. 2.  On or before February 15, 2006, the former Assistant Secretary of Agriculture for Civil Rights, Mr. Vernon Parker, telephoned Mr. Harrison and reminded him of the importance of complying with this filing requirement.  Finally, on March 9, 2006, Raymond J. Sheehan sent Defendant a third certified letter informing him of his failure to timely file his financial disclosure report.  The letter also noted that failure to file the report would lead USDA to refer the case to the Department of Justice.  This letter remained unclaimed despite three postal notifications on March 18, March 22, and April 1, 2006.  Ex. 3.

On November 1, 2006, the United States Department of Justice sent Mr. Harrison a certified letter notifying him that it was considering legal action against him because of his failure to file form SF 278 and seeking to resolve the matter.  Ex. 4.  Mr. Harrison did not respond.  On November 28, 2006, the United States Department of Justice sent Mr. Harrison a copy of the November 1, 2006 letter by U.S. Mail and again asked Mr. Harrison to contact the undersigned.  Id.  Mr. Harrison did not respond.

On December 12, 2006, the United States filed the Complaint in this action for civil penalties under the Act.  Doc. 1.[1]  On December 22, 2006, defendant was served with the Summons and a copy of the Complaint.  Doc. 2.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(I), defendant's response was due 20 days after he was served with the Summons and the copy of the Complaint or no later than January 11, 2007.  Defendant never filed any response to that Complaint.

On April 20, 2007, the Court entered an Order dismissing this case for failure to prosecute.  On April 27, 2007, the United States moved to vacate the Court's April 20, 2007 Order.  On September 18, 2007, the Court observed that, "[d]efendant has filed no opposition to this motion," and granted the United States' motion as conceded.  September 18, 2007 Order.

---

[1] "Doc." refers to documents in the case docket.  For example, Doc. 1 is the first document in the docket for this case, the original Complaint.

That Order also required plaintiff to seek default and file a motion for default judgment within 15 days of the Order.  Id.  On September 19, 2007, plaintiff filed a Motion for Entry of Default for Defendant's Failure to Respond to the Complaint.  On October 2, 2007, the clerk of the Court notified plaintiff that its filing was in error and that it needed to resubmit its pleading as an affidavit using the forms on the Court's website.  Defendant filed the requisite forms on October 3, 2007.

In the course of preparing these forms for submission, plaintiff's counsel realized that the case caption was incorrect.  Defendant's name is Michael J. Harrison; the Complaint, however, names the defendant as William J. Harrison in the case caption, (and again refers to him as William J. Harrison on page 4 of the Complaint.)  Defendant was correctly named as Michael J. Harrison on the first page of the Complaint, however and the summons as completed and signed by the process server was served on Michael J. Harrison.  Doc. 2.  Moreover, undersigned counsel has repeatedly spoken and corresponded with Mr. (Michael) Harrison about this case.  Ex. 5.  Plaintiff maintained that this was simply a case of misnomer.  See Doc. 9 at 5.  Nonetheless, plaintiff filed an Amended Complaint on October 3, 2007, to correct the caption and make clear that Michael J. Harrison is the proper defendant.  Doc. 10.

On January 30 and 31, 2008, defendant was served with the Summons and a copy of the Amended Complaint.  Doc. 12.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(I) and the Summons issued by the Court, defendant's response was due 20 days after he was served with the Summons and a copy of the Amended Complaint.  Thus, defendant's response to the Amended Complaint was due no later than February 20, 2008.  On March 5, 2008, the clerk of the Court entered defendant's default.  Doc. 16.  To date, defendant has not filed any response to the Amended Complaint.

## **ARGUMENT**

Pursuant to Fed. R. Civ. P. 55(a), a plaintiff may move for entry of a defendant's default if the defendant against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend as provided by the Federal Rules of Civil Procedure.  Once a defendant's default is entered, the Court may enter judgment in default.  United States v. Gant, 268 F. Supp. 2d 29 (D.D.C. 2003).

The Ethics in Government Act requires individuals who have occupied covered positions to file a financial disclosure report no later than thirty days after leaving the position unless they have accepted another covered position.  See 5 U.S.C. app. § 101(e); 5 C.F.R. § 2634.201(e)(1). Defendant is subject to the Act's public financial disclosure reporting requirements because he occupied an executive branch position that was classified above GS-15 of the General Schedule, and because the Office of Government Ethics has not, by regulation, excluded him from the reporting requirements.  See 5 U.S.C. app. § 101(f)(3); 5 C.F.R. § 2634.202(c); 5 C.F.R. § 2634.203.   Defendant did not accept a covered position after he terminated his employment with the USDA, thus defendant had an obligation to file a financial disclosure report within 30 days after his departure.  Defendant has failed to meet that obligation because he has not filed a report with USDA in the more than two years that has elapsed since his termination.

After defendant terminated his employment, the USDA sent defendant letters reminding him of his obligation and advising him of the consequences of failing to comply.  Former Assistant Secretary Vernon Parker telephoned defendant to remind him of the importance of complying with this obligation.  Additionally, the United States Department of Justice twice sent defendant letters to attempt to resolve this matter before filing the instant case.  In addition, in July of last year, defendant twice telephoned plaintiff's counsel to discuss the potential resolution of this matter.  See Ex. 5.  Finally, defendant emailed plaintiff's counsel in November and December of last year to assert that he had faxed his completed  financial disclosure report to plaintiff's counsel sometime after the parties' discussions in July.  Plaintiff's counsel responded that he had not received any such report from defendant and on December 17, 2007, defendant agreed to send plaintiff's counsel a copy of the completed disclosure form.  See Ex. 6.  No form has been forthcoming.  Accordingly, at this juncture, defendant's failure to file the requisite

report must be deemed knowing and willful, manifesting either an intentional disregard of the Ethics in Government Act or an indifference to its requirements.

Defendant has likewise manifested an intentional disregard to the requirements of the Federal Rules of Civil Procedure and to this Court.  As stated earlier, defendant was most recently served with Summons and a copy of the above-captioned Amended Complaint on January 30 and 31, 2008.  His response to the Amended Complaint was due no later than February 20, 2008.  That date has come and gone, and still defendant has neither responded to the Amended Complaint, sought an extension of time to respond, or explained to the Court why he has failed to appear.  Indeed, defendant has not filed a response to any of plaintiff's motions over the past year.  Accordingly, the Court should enter judgment for plaintiff.

<u>**CONCLUSION**</u>

For the reasons set forth above, plaintiff respectfully requests that the Court enter judgment for plaintiff in the amount of $11,000, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
DC Bar No. 180661

*/s/ Paul A. Dean*
PAUL A. DEAN
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW Suite 6132
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov

Dated March 6, 2008                    Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March, 2008, I sent copies of the foregoing Motion for Entry of Default Judgment and Memorandum in support to Michael J. Harrison at 28 North Calvin Road, Weston, CT 06883 and at Post Office Box 1116, Weston, CT 06883, via U.S. Mail.


/s/   *Paul A. Dean*
Paul A. Dean
Member of the New York Bar
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue NW, Room 7134
Washington, DC  20001
Telephone: (202) 514-1280
Fax: (202) 616-8470
E-mail: paul.dean@usdoj.gov


Attorney for the United States

# EXHIBIT 1
06cv2107(RWR)

**USDA**

**UNITED STATES
DEPARTMENT OF
AGRICULTURE**

Office of the
Assistant Secretary
for Administration

December 22, 2005

CERTIFIED, RETURN RECEIPT REQUESTED

Office of Ethics

1400 Independence
Avenue SW

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Washington, DC
20250-0122

Dear Mr. Harrison:

When you commenced employment with the Department of Agriculture, you filed a
Form SF-278, "Financial Disclosure Report," in compliance with the Ethics Reform Act
of 1989. The Act also requires that you file a termination SF-278 within 30 days after
leaving your position-- in your case covering your entire period of employment with
USDA. Because your final date of service was October 31, 2005, you should have filed
this report with our office on or before November 30, 2005.

However, under 5 CFR 2634.201(e), you need not file a final report if, within 30 days of
leaving your position, you assumed other Federal employment that is covered by the Act,
and requires the filing of Form SF-278. You may confirm your new position in a letter to
this office stating: where you are working; the position is covered by the Ethics in
Government Act executive personnel financial disclosure requirements (that is, you must
file an SF-278 in your new position); and the date of appointment to your new position.
Otherwise, a final report is required.

We are enclosing Form AD-815, which provides a summary of post employment
restrictions on Federal employees. If you have questions about post-Government
responsibilities, please do not hesitate to contact me at (202) 720-2251 or by email at
raymond.sheehan@usda.gov. We have also enclosed, for your convenience, a copy of
your most recent SF 278 for reference.

You may access copies of Form SF-278, in downloadable format, at our website,
www.usda.gov/ethics under the "Forms" section. For your convenience, we also have
enclosed a blank SF-278 Form and a self-addressed return envelope.

It is important that you file this report with this office at your earliest opportunity.
Failure to file a financial disclosure report may lead to referral of the matter to the
Department of Justice under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT. 06883

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Mr. Michael Harrison
28 North Calvin Road
Weston, CT. 06883

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
☐ Certified Mail
☐ Registered
☐ Insured Mail

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

---

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

# EXHIBIT 2
06cv2107(RWR)

**USDA**

UNITED STATES
DEPARTMENT OF
AGRICULTURE

Office of the
Assistant Secretary
for Administration

Office of Ethics

1400 Independence
Avenue SW

Washington, DC
20250-0122

January 27, 2006

CERTIFIED, RETURN RECEIPT REQUESTED

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

On December 22, 2005 we sent you a reminder that your termination financial disclosure report was overdue (copy enclosed). You received this notice on December 29. I write again to remind you that the Ethics Reform Act of 1989 requires that you file a termination SF-278 within 30 days after leaving your position. Because your final date of service was October 31, 2005, you should have filed this report with our office on or before November 30, 2005.

You may access copies of Form SF-278, in downloadable format, at our website, www.usda.gov/ethics under the "Forms" section. For your convenience, we have enclosed a blank SF-278 Form and a self-addressed return envelope.

Please take this matter seriously: it is important that you file this report with this office at your earliest opportunity. Failure to file a financial disclosure report may lead to referral of the matter to the Department of Justice under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Harrison
28 North Calvin Road
Weston, CT.06883

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)

7003 1010 0001 7366 5815

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

C. Signature
X ☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
If YES, enter delivery address different item below: ☐ Yes

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)

7003 1010 0001 7366 5815

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Page 1

**EXHIBIT 3**
06cv2107(RWR)



**UNITED STATES
DEPARTMENT OF
AGRICULTURE**

Office of the
Assistant Secretary
for Administration

March 9, 2006

Office of Ethics

CERTIFIED, RETURN RECEIPT REQUESTED

1400 Independence
Avenue SW

Mr. Michael Harrison
28 North Calvin Road
Weston, CT 06883

Washington, DC
20250-0122

Dear Mr. Harrison:

On December 22, 2005, we sent you a reminder that your termination financial disclosure report was overdue (copy enclosed). You received this notice on December 29 2005. On January 27, 2006, we sent a second request that you file this report (copy enclosed). You received this notice on February 1, 2006. To be certain that you understood this requirement, our former Assistant Secretary for Civil Rights, Mr. Vernon Parker called you personally to stress the important of complying with this filing requirement. I write a third time to again remind you that the Ethics Reform Act of 1989 requires that you file a termination SF-278 within 30 days after leaving your position.

Because your final date of service was October 31, 2005, you should have filed this report with our office on or before November 30, 2005. Your report is overdue. Please file this report with our office immediately, along with a check for $200, made payable to the United States Treasury, to cover your late filling payment. If not paid, this fee is subject to agency debt collection procedures. You may submit a written request to this office that the fee be waived due to extraordinary circumstances.

You may access copies of Form SF-278, in downloadable format, at our website, www.usda.gov/ethics under the "Forms" section. For your convenience, we have enclosed a blank SF-278 Form and a self-addressed return envelope.

I urge you to take this matter seriously: it is important that you file this report with this office at your earliest opportunity. Failure to file your financial disclosure report along with the $200 late filing by close of business April 9, 2006 will lead to referral of the matter to the Assistant Attorney General, Civil Division, of the Department of Justice for possible civil action under Section 104 of the Ethics in Government Act of 1978.

Sincerely,

Raymond J. Sheehan
Director, Office of Ethics

Enclosures

Harrison

3/17
3/23
4/1

Harrison on q (Certified)

Harrison



RETURN TO SENDER UNCLAIMED

Mr. Michael Harrison
~~ orth Calves Road
We ton, CT 06833

LU
3/17

9-a J.L. whitten Bldg,
ton,D.C. 20250

# EXHIBIT 4
06cv2107(RWR)

**U.S. Department of Justice**

Civil Division

---

ARG:PDean
145-8-3384

**NOV  1 2006**

*Washington, D.C. 20530*

Telephone:
(202) 514-1280

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Michael J. Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

As the result of a referral from the Office of Ethics at the United States Department of Agriculture ("USDA"), the Assistant Attorney General for the Civil Division has authorized the filing of a civil action against you in United States District Court for violations of the Ethics in Government Act of 1978, as amended, 5 U.S.C. app. §§ 104, et seq., based on your failure to comply with the public financial report filing requirements under the Act. This action will seek to recover civil penalties as provided by the Act.

This action is based upon your knowing and willful failure to provide a termination report when you ended your employment with USDA, as required by the Act.

We intend to file the action on or about November 29, 2006. As is our practice in civil actions of this kind, however, we are willing to give you the opportunity to resolve this matter without litigation by agreeing to civil penalties and such other relief as may be appropriate.

Should you wish to discuss this matter, you or your legal representative should contact Paul Dean, (202) 514-1280, the Civil Division attorney assigned to this case. In any event, if you desire to resolve this matter without litigation, we must hear from you no later than November 17, 2006.

Very truly yours,

Joseph H. Hunt
Director
Federal Programs Branch
Civil Division



CERTIFIED MAIL

7006 0100 0003 9502 2665

016H0601050
$04.640
11/01/2006
Mailed from 20510
US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use

PAUL DEAN
20 MASS. AVE.
ROOM 6132
CW (PRO MORTGAGE)

CIV MAIL ROOM - 20 MASS...

DEC 15 2006

RECEIVED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
□ Agent
□ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
□ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)  7006 0100 0003 9502 2665

PS Form 3811, February 2001    Domestic Return Receipt    102595-02-M-1540

RETURN UNCLAIMED



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| **Via First Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 883, Rm. 6132 | 20 Mass. Ave., N.W. |
| Washington, D.C. 20044 | Washington D.C. 20001 |

---

Paul A. Dean                                    Tel: 202/514-1280
Trial Attorney                                  Fax:202/616-8470
                                                Email: Paul.dean@usdoj.gov

November 28, 2006

<u>Via U.S. Mail</u>

Michael J. Harrison
28 North Calvin Road
Weston, CT 06883

Dear Mr. Harrison:

Enclosed please find a copy of the letter that I sent to you by certified mail on November 1, 2006.  As you have not responded, I am sending the letter to you directly by U.S. Mail.  Please review the enclosed letter and respond to me by Monday, December 4, 2006 if you wish to attempt to resolve this matter without litigation.  If I do not hear from you, we intend to file the action described in the attached letter on or about December 8, 2006.

Should you or your attorney wish to discuss this matter, please contact me at (202) 514-1280.

Kind regards,

Paul A. Dean
Trial Attorney

Enclosure

# EXHIBIT 5
06cv2107(RWR)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2107 (RWR) |
| | ) | |
| MICHAEL J. HARRISON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND DECLARATION OF PAUL A. DEAN

I, Paul A. Dean, declare as follows:

1.    I am a member in good standing of the Bar of the State of New York.  I am a Trial Attorney in the Federal Programs Branch of the Civil Division at United States Department of Justice.  All of the facts set forth in this declaration are based upon my personal knowledge.

2.    Mr. Michael Harrison contacted me by telephone on Friday, July 6, 2007 to discuss this case.  In that conversation, Mr. Harrison stated that he was not represented by counsel and we discussed resolving this case.

3.    On July 12, 2007, I sent Mr. Harrison a letter to follow-up on our conversation.

4.    Mr. Michael Harrison again contacted me by telephone to discuss resolving this case during the week of July 23, 2007.

5.    On July 31, 2007, I sent Mr. Harrison another letter to follow-up on our conversation during the previous week.  This letter also contained a blank copy of the termination financial disclosure report ("SF-278") that plaintiff wished to have Mr. Harrison complete.

I declare under the penalty of perjury that the foregoing statements are true and correct.

DATED: __10 / 3__ , 2007.

_Paul A. D_____

PAUL A. DEAN

# EXHIBIT 6
06cv2107(RWR)

(This exhibit consists of an email chain in reverse chronological order.)

## Dean, Paul (CIV)

| | |
|---|---|
| **From:** | Dean, Paul (CIV) |
| **Sent:** | Wednesday, January 23, 2008 6:32 PM |
| **To:** | 'michaelharrisonfamily@yahoo.com' |
| **Subject:** | RE: Follow-up |
| **Attachments:** | Harrison Amended Complaint Filed.pdf; Harrison Notice to Waive Service.pdf; Harrison Waiver of Service.pdf; Harrison Waiver of Service.pdf |

Mr. Harrison,

I am writing because I have not yet received a completed termination financial disclosure report ("SF-278") from you. As I had mentioned previously, I am willing to work with you to structure some sort of arrangement that both complies with the law and which takes your present circumstances into consideration. My understanding from our previous communications is that you have already received a copy of the amended complaint that the government filed in this case in federal district court in Washington, DC. In the event that you have misplaced it, I have provided another copy attached to this email.

You also previously indicated that you were willing to waive service. Consequently, I have also attached a notice of waiver of service and two copies of a waiver form. Please read them over carefully. If you do agree to waive service, a copy of the waiver form must be returned to me at the address below. After filling out the waiver form, you can either scan it and email back to me at this email address, fax it to me at the fax number provided below, or let me know that you would prefer a self-addressed stamped envelope and I will provide one to you. (If you choose this last option, you will need to provide me with a current address to which I can send the envelope.) If you prefer, I can serve the summons and amended complaint upon your bankruptcy attorney.

Please contact me so that we can attempt to resolve this matter.

I hope to speak with you soon.

Paul.

Paul A. Dean
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington D.C. 20001
v 202-514-1280
f 202-616-8470

---

**From:** Michael Harrison [mailto:michaelharrisonfamily@yahoo.com]
**Sent:** Monday, December 17, 2007 7:49 PM
**To:** Dean, Paul (CIV)
**Subject:** RE: Follow-up

Paul,

I just want to get this behind me. In all honesty, the way I was treated at USDA and performing the government service helped cause the very severe problems my family and I now face.

I do not have a permanent home at present. My wife and children live with her family in Pennsylvania. I am temporarily living in a furnished room in Connecticut. Yes, it may be hard to imagine, but that's the reality.

I really want to work in good faith to get this permanently and fully resolved. I just would have never expected this. But it is what it is. If you could attach the amended papers to this e-mail I will waive service as I don't have a permanent physical address at the moment. I will get the 278 filled out and sent back to you. As I mentioend, my financial situation did not change much during the short 9 months I spent in government; it only deteriorated.

Thank you and I am certainly willing work in good faith.

Kind thanks,

Michael

***"Dean, Paul (CIV)" <Paul.Dean@usdoj.gov>*** wrote:

> Mr. Harrison,
>
> I have attached another copy of the termination financial disclosure report ("SF-278"). Please complete it and return it to me at your earliest convenience. As I have explained to you before, $50 will not be sufficient to satisfy the penalty requirement in this case. After you have fully and accurately completed the SF-278, I am happy to discuss this matter with you and see if we can reach an arrangement that complies with the law and is structured so as not to be unduly burdensome, given your circumstances. Please let me know as soon as possible if you are amenable to such discussions. If we cannot reach an agreement in the near future, the lawsuit will have to continue along its present path.
>
> In a previous email, you stated that you received the papers that I sent in mid-October. Have you then received the amended complaint filed in this matter? If you have not, I can send it to you as an attachment. If you have, would you be willing to waive service of the amended complaint or to allow service on your bankruptcy attorney?
>
> Thank you for your assistance with this matter.
>
> I look forward to speaking with you soon.
>
> Paul.
>
>
> Paul A. Dean
> Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W.
> Washington D.C. 20001
> v 202-514-1280
> f 202-616-8470

3/5/2008

**From:** Michael Harrison [mailto:michaelharrisonfamily@yahoo.com]
**Sent:** Thursday, December 06, 2007 6:58 PM
**To:** Dean, Paul (CIV)
**Subject:** RE: Follow-up

Hi Paul,

Thank you for responding to my e-mail. I am sorry it has been difficult to reach me. We lost our home to foreclosure and are currently in bankruptcy and I have not had a stable address since then. Truely. I have just rented a provate mailbox through Mail Boxes Etc. and will get that number to you (I have not memorized it). I have been staying in temporary locations and in hotels and do not currently have a permanent residence, believe it or not. My wife and I have seperated and she and our young chldren live in another State with her parents.

If you can e-mail a fresh copy of the form I will promptly fill it out and promptly send it back to you. The very best way to reach me is by this e-mail. I no longer have a home telephone - it was turned off when the house went. I have a cell but it has intermittently been shut off for non-payment. Theat number is 203-948-9954.

Paul, I am an honest guy and hard worker and have been a strong patriot all my life, having served in two branches of the military and having served in Beirut (U.S. Marines and U.S. Army; Airborne Paratrooper). I have simply fallen on excruciatingly tough times. I haven't even had health insurance for most of the past two years. I am currently living hand to mouth and really struggling to get back on my feet. I have medical problems and that complicates matters. A huge penalty is both frightening and unfair under the circumstances. Serving at USDA and the way I was treated at USDA helped precipitate the fallen circumstances in which I am currently enmeshed. I of course understand you have to do your job. But there must be some provision or understanding respecting someone in indigant circumstances. Every scant nickel I have is borrowed from friends who are trying to help me as I help myself to get back on my feet. Again, I understand that you have a job to do. Could I offer $50 as a pro forma penalty to get this behind me.

Thanks Paul

*"Dean, Paul (CIV)" <Paul.Dean@usdoj.gov> wrote:*

> Mr. Harrison,
>
> Thank you for contacting me. Since July, I have attempted to contact you numerous times at the locations and phone numbers that you provided to me without any response. To date, I have not received a completed termination financial disclosure report ("SF 278") from you. Please either attempt to fax the completed form to me again or send it to me through the mail. If you need another copy of the form, I will be happy to send you one, but you will need to provide me with your current address.
>
> Providing a completed termination financial disclosure report ("SF 278"), however, will

not be sufficient. A monetary penalty will be required. I am happy to discuss the penalty and ways that it may be structured to minimize hardship on you, but you will need to either contact me (see the information provided below) or provide me with a reliable way to contact you.

Thank you again for taking the time to contact me, I hope that we can resolve this matter amicably.

Paul.

Paul A. Dean
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington D.C. 20001
v 202-514-1280
f 202-616-8470

---

**From:** Michael Harrison [mailto:michaelharrisonfamily@yahoo.com]
**Sent:** Wednesday, November 28, 2007 8:49 AM
**To:** Dean, Paul (CIV)
**Subject:** Follow-up

Mr. Dean,

I just received the papers you sent in mid October. I mentioned to you that our familiar was in dire financial straits and in danger of loosing our home. That has occurred. Our home was forcelosed upon and I no longer have a residence in Weston, Connecticut.

I previously faxed you a copy our the completed and executed financial disclosure form, I think titled a 270. Didn't you get it? The fax confirmation said it was received. You ask me to fax it and I did before we were evicted from our home.

As I mentioned, you cannot imagine the incapacitating hardship we are experiencing financially and as regards our health. I simply can't understand why this is being pushed in such a vicious manner. I have virtually no assets. My financial situation did not change from the time I joined the government in January of 2005 and the time I left in January of 2005. In fact it deteriorated as a result of the government service.

Is there any way this can be resolved. I have no money whatsoever for a lawyer and our family is operating at the level of basic survival.

Thank you.

Michael

3/5/2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2107 (RWR) |
| ) | |
| MICHAEL J. HARRISON ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of Plaintiff's Motion for Entry of Default Judgment, it is,

ORDERED, that Plaintiff's Motion is granted.

ENTERED this _____ day of _____, 2008.


_____
RICHARD W. ROBERTS
United States District Judge